UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN WARREN, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:21-cv-00200-JAW |
| | ) | |
| SEAN MAGUIRE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION TO DISMISS
BASED ON PLAINTIFF'S FAILURE TO PROSECUTE**

On July 19, 2021, Plaintiff filed a complaint and an Application to Proceed In Forma Pauperis. (ECF Nos. 1, 2.) The Court granted the motion for in forma pauperis on July 20, 2021. (ECF No. 3.) In the order, the Court directed Plaintiff to notify the Court no later than August 10, 2021, of his intent to proceed with this action and to acknowledge in his notice that he understands his obligation to pay the complete filing fee as the requisite funds become available to him. Through the order, the Court informed Plaintiff that a failure to comply with the order could result in the dismissal of the complaint.

Because Plaintiff failed to file a notice of intent, on August 23, 2021, the Court issued an Order to Show Cause. (ECF No. 6.) In the Show Cause Order, the Court established September 7, 2021, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he notify the Court of his intent to proceed with this action. The Court again advised Plaintiff that if he failed to show cause, his complaint could be dismissed. Plaintiff has not filed a response to the Show Cause Order and has not otherwise communicated with the Court. Given Plaintiff's failure to show cause, I recommend the Court dismiss the matter without prejudice.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).  Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders.  Here, Plaintiff has (a) failed to comply with the Court's July 20, 2021, Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed (ECF No.3), and (b) failed to show cause in accordance with the Court's Order to Show Cause. (ECF No. 4.) Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim. Dismissal, therefore, is warranted.[1]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

---

[1] I note that the order granting Plaintiff's request to proceed in forma pauperis was returned to the court as undeliverable.  The Court's Show Cause Order, however, was not returned.  Even if Plaintiff did not receive the Court's orders due to a change of address, dismissal is appropriate.  Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of September, 2021.